## RAPP ET AL. *v.* THIE.

MORTGAGE.—*Foreclosure.*—*Complaint.*— *Description of Mortgaged Premises.*— The fact that, in an action to foreclose a mortgage covering several different tracts of real estate, some of such tracts are insufficiently described in the complaint, does not render the complaint insufficient, if the descriptions of the remaining tracts be sufficient.

SAME.—*Admissions.*— *Waiver of Evidence.*—Where, on the trial of an action to foreclose a mortgage executed by one who had subsequently married his co-defendant, it is admitted by the defendants, that they had intermarried after the execution of the mortgage, and that it had been duly recorded, it is unnecessary to introduce the mortgage itself in evidence.

From the Ripley Circuit Court.

*G. Durbin*, for appellants.

*W. D. Willson* and *T. E. Willson*, for appellee.

WORDEN, J.—Action by the appellee against the appellants, to foreclose a mortgage executed by the appellant Rapp, to the appellee, to secure the payment of a note for the sum of two thousand dollars.

It was alleged, that, since the execution of the mort-gage, Rapp had intermarried with Arvilla Rapp, and she was made a defendant. It was also alleged, that, since the execution of the mortgage, Rapp had conveyed a portion of the land mortgaged to Christian Schweir, who, with his wife, was made a defendant.

Schweir and his wife were defaulted.

Rapp and his wife demurred to the complaint, for want of sufficient facts, but the demurrer was overruled, and exception taken. Rapp and his wife answered, and the cause was submitted to the court for trial, resulting in a finding and judgment for the plaintiff.

The errors assigned are based upon the ruling of the court in overruling the demurrer to the complaint, and in overruling a motion for a new trial.

The objection urged to the complaint is, that some of the tracts of land mentioned in the mortgage are not sufficiently described.

There were several tracts of land and town lots described in the mortgage, some, if not all, of which were sufficiently described. We are not prepared to say, that the property was not all sufficiently described. But, if the description of some of the tracts should be held as insufficient, that would be no ground for demurrer to the entire complaint.

No error was committed in overruling the demurrer.

The plaintiff gave in evidence the note in question, but did not give in evidence the mortgage; and it is insisted, that the omission was fatal to the plaintiff's right of recovery.

The defendants Rapp and his wife had pleaded the general denial, and this, of course, put the plaintiff to the necessity of introducing the mortgage, in order to its foreclosure, unless such necessity was in some way obviated.

But the bill of exceptions shows, after stating the introduction of the note and some other evidence, that "It

was admitted that the defendant was married to Arvilla Rapp after the execution of the note and mortgage in suit."

" It was also admitted that the mortgage, a copy of which is filed with the complaint, was recorded in the office of the recorder of said county, on the 29th day of July, A. D. 1873, at 3 o'clock, P. M."

After the admission of the execution and recording of the mortgage sued upon, as above stated, we see no necessity for the introduction of the mortgage itself in evidence. Its introduction would have proved nothing in addition to what was thus admitted.

No error was committed in overruling the motion for a new trial.

The judgment below is affirmed, with costs.